UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UDI FISHMAN, | 1:14-cv-00708-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Docs. 11, 12.) |
| vs. | |
| STATE OF CALIFORNIA, et al., | ORDER DIRECTING CLERK TO REOPEN CASE |
| Defendants. | ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF |
| | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | ORDER GRANTING THIRTY-DAY EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT |

I.      BACKGROUND

Udi Fishman ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 12, 2014.  (Doc. 1.)  On July 14, 2014, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action.  (Doc. 5.)

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on September 5, 2014, dismissing the Complaint for failure to state a claim, with leave to file

1

an amended complaint within thirty days.  (Doc. 6.)  The thirty-day deadline expired, and Plaintiff failed to file an amended complaint or otherwise respond to the court's order.  On October 16, 2014, the court issued an order dismissing this action for Plaintiff's failure to state a claim, and judgment was entered.  (Docs. 7, 8.)

On October 30, 2014 and November 11, 2014, Plaintiff filed motions for reconsideration of the court's order dismissing this case, requested an extension of time to file an amended complaint, and requested preliminary injunctive relief.  (Docs. 11, 12.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A.      Plaintiff's Motion

Plaintiff requests reconsideration of the court's order dismissing this case, which was based on Plaintiff's failure to comply with the court's September 5, 2014 order which required him to file an amended complaint within thirty days.  Plaintiff declares under penalty of perjury that he did not receive the court's September 5, 2014 order until October 14, 2014, nine days after the deadline for filing the amended complaint had passed.  (Decl. of Pltf., Doc. 12 at 3.) Plaintiff declares that on August 26, 2014, he was involuntarily transferred from Shafter Community Correctional Facility (SCCF) in Shafter, California, to Wasco State Prison (WSP) in Wasco, California, without any of his legal documents, court addresses, case numbers, forms, or stationeries.  (Id. at 8 ¶16.)  Plaintiff was detained at WSP Reception until October 8, 2014, and during this time his mail was withheld at SCCF.  (Id. ¶17.)  On October 14, 2014, after Plaintiff was returned to SCCF, the court's September 5, 2014 order was delivered to him. (Id. ¶18.)  Plaintiff promptly responded by sending a request for extension of time to the court on October 17, 2014.  (Id.)   On October 23, 2014, Plaintiff received the court's order dismissing this action. (Id. ¶20.)  On October 27, 2014, Plaintiff sent a motion to the court for "extension of time to file amended complaint, objection to Magistrate's order, and request for appealability."  (Id. ¶19.)  On November 5, 2014, Plaintiff received the court's order denying his October 17, 2014 request for extension of time as moot.  (Id. ¶21.)

Plaintiff also requests a court order for a preliminary injunction, barring his emergency transfer to another facility.

### B.      Discussion

Plaintiff has set forth facts of a strongly convincing nature to induce the court to reverse its prior decision dismissing this case.  Plaintiff has shown evidence that he was prevented from responding to the court's September 5, 2014 order because on August 26, 2014, he was involuntarily transferred from SCCF to WSP, without his legal documents, court addresses, case numbers, forms, or stationeries, and detained there until October 8, 2014, during which time his mail was withheld at SCCF. (Decl. of Pltf., Doc. 9.)  Plaintiff has shown evidence that he did not receive the court's September 5, 2014 order until October 14, 2014, after the

3

deadline for filing the amended complaint had expired.  (Id.)  Based on Plaintiff's assertions under penalty of perjury, the court finds that Plaintiff used due diligence in attempting to comply with the court's order, but his efforts were thwarted by denial of access to his legal and personal property, and a delay in his mail delivery, both which were out of his control.  Therefore, Plaintiff's motion for reconsideration shall be granted, and this case shall be reopened.  The court also finds good cause to grant Plaintiff an extension of time to file the amended complaint.

With respect to Plaintiff's request for a temporary injunction barring his emergency transfer to another facility, the court lacks jurisdiction to grant the relief sought by Plaintiff.  There is presently no case or controversy before the court, because Plaintiff's Complaint was dismissed on September 5, 2014, and he has not filed an amended complaint.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Without a complaint on file, the Court lacks jurisdiction to grant injunctive relief, and Plaintiff's request must be denied.

## III.   CONCLUSION AND ORDER

The court finds that Plaintiff has shown evidence that this case should be reopened.  Plaintiff shall also be granted thirty days in which to file an amended complaint, pursuant to the court's order of September 5, 2014.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948-49 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 677 (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones,

297 F.3d at 934 (emphasis added).  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.  Plaintiff should carefully review the court's September 5, 2014 order and only include the claims he believes are cognizable.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997).  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     Plaintiff's motions for reconsideration, filed on October 30, 2014 and November 17, 2014, are GRANTED;

2.     The Clerk of Court is directed to REOPEN this case;

3.     Plaintiff's request for preliminary injunctive relief is DENIED;

4.      The Clerk shall send Plaintiff a civil rights complaint form;

5.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint pursuant to the court's September 5, 2014 order, curing the deficiencies identified by the court in the order;

6.      Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:14-cv-00708-GSA-PC; and

7.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **December 1, 2014**                **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE