# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UDI FISHMAN, | Case No.  1:14-cv-00708-BAM-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| JOHN DOE, et al., | |
| Defendants. | AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff Udi Fishman is a former state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Pending before the Court is Plaintiff's December 17, 2014, first amended complaint, filed in response to the October 16, 2014, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 7.)

## I.    Procedural History

The complaint in this action was filed on May 12, 2014.  On September 5, 2014, an order was entered, dismissing the complaint for failure to state a claim and granting Plaintiff leave to file an amended complaint. (ECF No. 6.)  Plaintiff failed to file an amended complaint, and on October 16, 2014, an order was entered, dismissing this action for failure to state a claim upon which relief could be granted. (ECF No. 7.)   On October 24, 2014, Plaintiff filed a motion for an

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on July 14, 2014  (ECF No. 5).

1   extension of time to file an amended complaint. (ECF No. 11.) On October 30, 2014, Plaintiff

2   filed motion for leave to file an amended complaint. ( ECF No. 12.)  On December 2, 2014, an

3   order was entered, construing Plaintiff's motions as a motion for reconsideration, granting the

4   motion, and directing the Clerk to re-open the case.  Plaintiff was granted leave to file an

5   amended complaint. (ECF No. 13.)  On December 7, 2014, Plaintiff filed a notice of appeal of

6   the October 16, 2014, order dismissing this action. (ECF No. 14.)  On December 17, 2014,

7   Plaintiff filed the first amended complaint that is now before the Court. (ECF No. 16.)    On

8   December 31, 2014, an order was entered by the U.S. Court of Appeals, granting Plaintiff's

9   motion to dismiss the appeal. (ECF No. 20.)[2]

10          **II.       Screening Requirement and Standard**

11          The Court is required to screen complaints brought by prisoners seeking relief against a

12   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

13   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

14   legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

15   that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

16   1915(e)(2)(B).

17          A complaint must contain "a short and plain statement of the claim showing that the

18   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

19   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

21   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a Plaintiff's allegations are taken

22   as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,

23   Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

24          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

25   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

26   1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be

27   ────────────────────

28   [2] The December 31, 2014, order dismissing Plaintiff's appeal was not entered on to the docket in this case until
March  9, 2016.

1    facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

2    that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

3    v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

4    has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

5    liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

6    F.3d at 969.

7        **III.    Plaintiff's Allegations**

8             **A.  Original Complaint**

9             In the order dismissing the original complaint, the Court noted the following allegations.

10   Plaintiff, at the time an inmate in the custody of the California Department of Corrections and

11   Rehabilitation (CDCR) at the Shafter Community Correctional Facility (CCF), brought this civil

12   rights action against Defendants CDCR and the State of California.  Plaintiff claimed that his

13   civil rights were violated when he was transferred to CCF Shafter from CSP Solano.  Plaintiff

14   alleged that he was involuntarily transferred.

15            Plaintiff alleged that at Shafter, inmates were not provided regular access to the law

16   library, and that Shafter "does not provide inmates in a timely way to receive legal forms and

17   instructions that allow petitioner timely access to the courts."  Plaintiff also alleged that the

18   transfer to Shafter placed an undue burden on him, as he was located far away from his "home,

19   work, and community."

20            In the order dismissing the original complaint, Plaintiff was advised that the named

21   Defendants were immune from suit under 1983.  The State of California, and the CDCR, as an

22   agency of the State of California, were immune from suit under the Eleventh Amendment.

23   Plaintiff was also advised that he did not have a liberty interest in being housed at a particular

24   institution, and that the mere fact that he was transferred to another institution failed to state a

25   claim for relief.  Regarding Plaintiff's access to courts claim, Plaintiff was advised that he failed

26   to allege facts indicating actual injury within the meaning of Lewis v. Casey, 518 U.S. 343, 347

27   (1996).

28   ///

### B.  First Amended Complaint

In the December 17, 2014, first amended complaint, Plaintiff names the following Defendants: John Doe A, the person responsible for initiating and approving transfer of Plaintiff from CSP Solano to CCF Shafter on December 16, 2013; John Doe B, the person responsible for transferring Plaintiff back to CCF Shafter on January 14, 2014; John Doe C, the person responsible for transferring Plaintiff from CCF Shafter to CSP Wasco on August 26, 2014; John Doe D, the person responsible for the removal of Plaintiff's name from the inmate transfer list on September 16, 2014, from CSP Wasco to CCF Shafter.  Plaintiff also names John Does E through Z.  Plaintiff sets forth claims of denial of access to the courts and retaliation in violation of the First Amendment, due process, equal protection, and "unusual punishment."

Plaintiff alleges that on December 16, 2013, he was proceeding with a petition for writ of habeas corpus in this district. (Fishman v. Swarthout, 2:13-cv-02421-GGH-PC).  Plaintiff was involuntarily transferred from CSP Solano to CCF Shafter.  CCF Shafter "did not have,  nor provided inmates with timely access to law library, legal forms, instructions, or any assistance to address legal issues." (Am. Compl. p. 8.)   Plaintiff alleges that his traverse was due "in the beginning of 2014." (Id.)   Plaintiff alleges that "actions by the defendant delayed and hindered the outcome of the Habeas Corpus and thus, diminished my expectations and possibly extended my incarceration, forced plaintiff to seek expensive legal help from attorneys and advice from other individuals." (Id.)

Plaintiff alleges that on October 28, 2013, his grievance regarding his urgent dental care was denied at the third level.  Plaintiff alleges that as a result, he "contemplated his legal options." (Id.)   Plaintiff alleges that Defendant John Doe B ordered Plaintiff transferred back to Shafter, knowing of his needs.

Plaintiff refers to a September 16, 2014, deadline in another case filed in this district. (Fishman v. Cheung, 2:14-cv-01163-KJM-DAD-PC), a prisoner civil rights action.  Plaintiff alleges that he was involuntarily transferred on August 26, 2014 to CSP Wasco, a reception facility that did not provide inmates with phone access, writing materials, and had slow mail and restricted law library access.  Plaintiff alleges that for the six weeks that he was at Wasco, his

1   legal files and personal property remained at Shafter.  Defendant John Doe C was aware of

2   Plaintiff's "problems and needs," yet ordered Plaintiff's medical transfer to Wasco.  (Id. p. 9.)

3       On September 17, 2014, a day after a court deadline in his civil rights case, Plaintiff was

4   informed that he was scheduled for transfer back to Shafter on September 18, 2014.  Plaintiff

5   alleges that "on the same day, just before noon, I was informed that my name was removed from

6   the transfer list.  Possibly after the defendant, John Doe D, became aware the plaintiff received

7   an extension of time to file his pleading.  Aware of plaintiff's needs, it is plausible to suggest this

8   was in retaliation for filing of my medical/dental malpractice court action case.  By blocking my

9   return and impeding my ability to pursue my case the defendant, John Doe 'D,' in his individual

10  capacity, knowingly violated plaintiff's civil rights." (Id.)  Plaintiff alleges generally that the

11  actions taken by Defendants "denied, frustrated and impeded plaintiff's access as evident by the

12  previous dismissal of this case."  (Id.)

13          **IV.    Discussion**

14              **A.  Access to Courts**

15      Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

16  518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v.

17  Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff

18  must show that he suffered an actual injury, which requires "actual prejudice to contemplated or

19  existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing

20  Lewis, 518 U.S. at 348)(internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012);

21  Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. Phillips, 588 F.3d at

22  655.

23      The Court notes that Plaintiff's habeas action, (Fishman v. Swarthout, 2:13-cv-02421-

24  GGH-PC), was denied in a 23 page memorandum order on March 23, 2015.[3]  On October 20,

25  2014, Plaintiff filed his traverse, which was considered by the court in denying Plaintiff's

26  ─────────────
    [3] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to
27  in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002);Steckman v. Hart. Brewing, 143 F.3d
    1293, 1295-96 (9th Cir. 1998).  The Court may also take judicial notice of its own records, United States v. Wilson,
28  631 F.2d 118, 119 9th Cir. 1980) as well as court records in other cases, United States v. Howard, 381 F.3d 873,
    876 n.1 (9th Cir. 2004).

1   petition.  Plaintiff's civil rights action, (Fishman v. Cheung, 2:14-cv-01163-KJM-DAD-PC), was

2   dismissed on Plaintiff's own motion pursuant to Federal Rule of Civil Procedure 41(a).    The

3   dockets in both cases reflect that Plaintiff did not suffer any dismissal or other court sanction as a

4   result of a failure to comply with court deadlines.

5        The Court initially notes that Plaintiff has not identified any individual defendant on

6   whom service can be ordered.  The United States Marshal cannot initiate service of process on

7   unknown defendants.  Although Plaintiff should be given an opportunity through discovery to

8   identify the unknown defendants, Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir.

9   2013)(quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), Plaintiff has not alleged

10   facts indicating actual injury.  Plaintiff therefore fails to state a claim against the doe defendants,

11   a defect which cannot be cured by identifying the defendants.

12        In the order dismissing the original complaint, Plaintiff was provided with the legal

13   standards for access to courts claims under the First Amendment.  Plaintiff was provided an

14   opportunity to cure the deficiencies identified by the Court in the order dismissing the original

15   complaint.  The Court finds that Plaintiff has not cured the identified deficiencies.  There are no

16   facts alleged that establish that Plaintiff suffered a dismissal of either of his actions for Plaintiff's

17   failure to timely respond to a court order or deadline.  Court records indicate that Plaintiff was

18   able to effectively litigate his actions.  Based upon the allegations in Plaintiff's original and first

19   amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts

20   that would support a claim for denial of access to courts in violation of the First Amendment, and

21   further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir.

22   2013) ("A district court may deny leave to amend when amendment would be futile.")    Based

23   on the nature of the deficiencies at issue, the Court finds that further leave to amend is not

24   warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d

25   1446-1449 (9th Cir. 1987).  Plaintiff's access to courts claim should therefore be dismissed

26   without leave to amend.

27        **B.  Retaliation**

28        "Prisoners have a First Amendment right to file grievances against prison officials and to

6

be free from retaliation for doing so." <u>Watison v. Cartier</u>, 668 F.3d 1108, 1114 (9th Cir. 2012)(citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that after his grievance regarding his dental care was denied, Defendant John Doe B ordered Plaintiff transferred back to Shafter, "knowing of his needs." (Am. Compl. p. 8.)  Plaintiff does not allege any specific facts linking any conduct of John Doe B to any adverse action that was taken because of Plaintiff's grievance activity.  Plaintiff may not hold John Doe B liable by simply alleging that he filed a grievance, and that John Doe B ordered Plaintiff transferred.  There are no allegations that indicate how John Doe B was connected to the grievance, or the issues raised in Plaintiff's grievance.  Plaintiff's bare allegation that he was transferred fails to state a claim for relief.

Plaintiff alleges that Defendant John Doe D removed Plaintiff's name from the transfer list in retaliation for Plaintiff's filing of his civil rights action.  Plaintiff alleges that this was done in order to prevent Plaintiff from complying with court deadlines in his civil rights action.  Plaintiff has a protected right under the First Amendment to pursue civil rights litigation in federal court. <u>Silva</u>, 658 F.3d at 1104.

The Court finds this allegation to be conclusory.  A simple allegation that Plaintiff was proceeding in a lawsuit and an allegation that John Doe D removed Plaintiff's name from the transport list is not sufficient to state a claim for relief.  Plaintiff must allege some fact or facts indicating that John Doe D's conduct in removing Plaintiff's name from the transport list was linked to his litigation activity.  Plaintiff does not allege whether John Doe D provided any justification to Plaintiff for removing Plaintiff's name from the transport list, or whether Plaintiff asked him why he removed his name.  Plaintiff must also allege facts to support his conclusory and vague allegation that Defendant John Doe D was "aware of plaintiff's needs."  Plaintiff must

1   allege facts indicating that John Doe D was aware of Plaintiff's litigation activity, and that the

2   action he took was in response to Plaintiff's litigation activity.  That Plaintiff was proceeding

3   with a civil rights lawsuit does not subject a correctional official to liability for any adverse

4   action they may take against Plaintiff.  Further, as noted, Plaintiff's civil rights action was

5   dismissed on his own motion, and Plaintiff suffered no sanction as a result of a failure to comply

6   with any court orders.   Plaintiff's retaliation claim should therefore be dismissed.

7          Plaintiff specifically articulates his retaliation claim for the first time in the December 17,

8   2014, first amended complaint.  The Court therefore dismisses Plaintiff's retaliation claim with

9   leave file a second amended complaint that corrects the deficiencies identified in this order.

10  Plaintiff is reminded that the U.S. Marshal cannot initiate service of process on unknown

11  defendants.   In his second amended complaint, Plaintiff should allege facts indicating any

12  information that would be helpful in identifying John Doe D.  If Plaintiff is unable to recall his

13  name, Plaintiff should indicate where he was employed, what his title was, and in what capacity

14  he was employed.

15                      **C. Due Process**

16         The Due Process Clause protects Plaintiff against the deprivation of liberty without the

17  procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209,

18  221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545

19  U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.

20  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse

21  conditions of confinement, and under state law, the existence of a liberty interest created by

22  prison regulations is determined by focusing on the nature of the condition of confinement at

23  issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995))(quotation marks

24  omitted).  Liberty interests created by prison regulations are generally limited to freedom from

25  restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary

26  incidents of prison life.  Id. at 221 (citing Sandin, 515 U.S. at 484)(quotation marks omitted);

27  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

28         Plaintiff does not allege any facts indicating that he was deprived of a liberty interest, as

that term is defined above.  Plaintiff does not allege what interest was at stake, what conduct by Defendants deprived him of that interest, or what procedural protections he was deprived of. This claim should therefore be dismissed.  Because Plaintiff raises this claim for the first time in the first amended complaint, the Court dismisses this claim with leave to amend.

### D.  Equal Protection

The Equal Protection Clause requires that persons who are similarly situated should be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't. of Corr. Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff fails to allege any facts indicating that he was a member of a protected class, or that similarly situated persons were treated differently.  Plaintiff fails to allege any conduct by any of the Defendants that indicates intentional discrimination based on Plaintiff's membership in a protected class.  This claim should therefore be dismissed.  Because Plaintiff raises this claim for the first time in the first amended complaint, the Court dismisses this claim with leave to amend.

### E.  Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhuman methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen,465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 504 U.S. 1, 9 (1992)(citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the Plaintiff.  Farmer v.

1   Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010);

2   Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128

3   (9th Cir. 1998).

4        Here, Plaintiff fails to allege any conduct on behalf of any Defendant that constitutes an

5   Eighth Amendment violation.  Plaintiff does not allege that he was deprived of any civilized

6   measure of life's necessities, or that any of the Defendants knowingly exposed him to a

7   substantial risk of serious harm.  This claim should therefore be dismissed.  Because Plaintiff

8   raises this claim for the first time in the first amended complaint, the Court dismisses this claim

9   with leave to amend.

10                  **F.  Federal Rule of Civil Procedure 18**

11        Although unclear from the first amended complaint, Plaintiff appears to raise numerous

12   claims against different defendants based on different events occurring at different times.

13   Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ.

14   P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507

15   F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as

16   (1) the claim arises out of the same transaction or occurrence, or series of transactions and

17   occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2);

18   Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co.

19   of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly

20   joined under Rule 20(a) will the Court review the other claims to determine if they may be joined

21   under Rule 18(a), which permits the joinder of multiple claims against the same party.

22           **V.  Conclusion and Order**

23        Plaintiff has failed to state a cognizable claim.  As noted above, the Court will provide

24   Plaintiff with a final opportunity to amend his complaint and cure the identified deficiencies.

25   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

26        Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

27   what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal

28   rights.  Iqbal, 556 U.S. 662, 678.  Although accepted as true, the "[f]actual allegations must be

1   [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555

2   (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new,

3   unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.

4   2007)(no "buckshot" complaints).

5          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

6   <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

7   complaint must be "complete in and of itself without reference to the prior or superseded

8   pleading," Local Rule 220.

9          Based on the foregoing, it is HEREBY ORDERED that:

10         1.     The Clerk's Office shall send to Plaintiff a civil rights complaint form;

11         2.     Plaintiff's first amended complaint, filed December 17, 2014, is dismissed for

12                failure to state a claim;

13         3.     Plaintiff's access to courts claim is dismissed without leave to amend;

14         4.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

15                a second amended complaint or a notice of voluntary dismissal; and

16         5.     If Plaintiff fails to file a second amended complaint in compliance with this order,

17                the Court will dismiss this action, with prejudice, for failure to state a claim and to

18                obey a court order.

19

20  IT IS SO ORDERED.

21  Dated:   __**March 11, 2016**__          ___/s/ Barbara A. McAuliffe___

22                                           UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28